**FILED**

2013 SEP 30 PM 3: 36

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISON

| | |
|---|---|
| SAMUEL J. SECRETI, on behalf of himself and all those similarly situated, | |
| Plaintiffs, | CIVIL ACTION No. _____ |
| vs. | JURY DEMANDED |
| PTS OF AMERICA, LLC, and DOES 1 through 100, | |
| Defendants. | |

## CLASS ACTION COMPLAINT

1

# I. INTRODUCTION

1.      This is an action for money damages and declaratory relief against PTS OF AMERICA, LLC and DOES 1 through 100 (persons sued herein by their fictitious names) for violations of plaintiffs' constitutional rights. Plaintiffs are inmates who were transported by PTS OF AMERICA, LLC on behalf of local or state governments, or the federal government. Plaintiff alleges that PTS OF AMERICA, LLC used excessive force against him and caused him to experience the unnecessary and wanton infliction of pain.

2.      Plaintiff alleges that PTS OF AMERICA, LLC transported him sitting up in vehicles, in full restraints including handcuffs, leg irons, and waist chains; for more than 48 continuous hours along with others similarly situated. Plaintiff alleges that, during the time he was on a PTS OF AMERICA, LLC vehicle, PTS OF AMERICA, LLC did not allow him to lie down, provided him with only limited access to a toilet, did not allow him to attend to personal hygiene, fed him only fast food, provided limited access to fluids, and deprived him of direct access to prescribed medications and to medical staff. As a direct result of PTS OF AMERICA, LLC's polices practices and customs, plaintiff and others similarly situated suffered physical as well as mental injuries, as detailed herein.

3.      Plaintiff alleges that PTS OF AMERICA, LLC official policies, practices, and customs subjected him and others similarly situated to cruel and unusual punishment and that PTS OF AMERICA, LLC used excessive force against them in violation of his rights, and the rights of persons similarly situated, secured by the Fourth, Eighth and Fourteenth Amendments to the U.S. Constitution, and thus plaintiff, and each of those similarly situated, is entitled to recover damages and attorneys' fees under the Federal Civil Rights Act (42 U.S.C. §§ 1983, 1988).

2

## II. JURISDICTION

4.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1341(3) and (4) and the aforementioned statutory and constitutional provisions.

5.     Venue is proper in the Middle District of Tennessee, as the Defendant's headquarters and principal place of business are located in Nashville, TN.

## III. PARTIES

6.     Plaintiff Samuel J. Secreti is a resident of the State of Pennsylvania, and was a pretrial detainee when he was transported by defendant PTS OF AMERICA, LLC in restraints for approximately 60 continuous hours.

7.     Defendant PTS OF AMERICA, LLC is and was at all material times a for profit limited liability company licensed to do and doing business in Tennessee, and is headquartered in Nashville, Tennessee. PTS OF AMERICA, LLC is in the business of transporting jail and prison inmates throughout the United States pursuant to contract with local, state, and federal agencies.

8.     On information and belief, Plaintiff alleges that defendants sued using fictitious names Does 1 through 100 are all agents and employees of Defendant PTS OF AMERICA, LLC. Plaintiff is not currently aware of the true names or identities of said Does 1 through 100, but will amend this complaint to include those names when they are made available to him.

9.     At all times mentioned herein, PTS OF AMERICA, LLC and each of the defendants were acting under the color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the United States and various States.

3

## IV. FACTS

10.     The inmates transported by PTS OF AMERICA, LLC include adults and juveniles, males and females, pretrial detainees, sentenced prisoners, state mental hospital inmates, and immigration detainees. It is PTS OF AMERICA, LLC's policy and practice to restrain them, regardless of their security classification, in handcuffs, waist or "belly" chains, leg irons, interconnects, and/or black boxes. Belly chains keep the inmates' handcuffs at waist level. Black boxes, placed over the link between the handcuffs, restrict wrist movement. Interconnects are two foot chains that chain inmates together. It is PTS OF AMERICA, LLC's policy and practice that inmates' restraints may not be removed while the inmate is in transit.

11.     PTS OF AMERICA, LLC's transport vehicles or "transporters" are compartmentalized. It is PTS OF AMERICA, LLC's policy and practice that inmates will remain on the vehicle, in their compartments, in restraints, from the time they are picked up until the time they are dropped off. PTS OF AMERICA, LLC has no written or unwritten policy stating the maximum number of hours an inmate can be transported.

12.     Most of PTS OF AMERICA, LLC's transport vehicles do not have chemical or other toilets on board. Inmates are allowed to use the toilet only when the vehicle is stopped and they are escorted by a guard. Inmates remain in their restraints during use of the toilet, including connector chains. The connector chain requires that the inmate to whom an inmate is chained accompany him or her to the toilet and prevents the door to the toilet from closing.

13.     PTS OF AMERICA, LLC has no policy promoting inmate hygiene during transport. There is no running water. Prisoners are not allowed to wash, brush their teeth, shave, or change their clothes.

14.     PTS OF AMERICA, LLC has no nutritional guidelines for prisoners. All of a

4

prisoner's meals are comprised of fast food during transport.

15.     On or about 7:30 am on October 12, 2012, Plaintiff was taken into the care, custody and control of Defendants PTS and Doe 1 at a facility in Haysi, Virginia. Plaintiff was to be transported to Uniontown, PA, a distance of approximately 320 miles, less than a six hour drive.

16.     Instead, Defendants transported Plaintiff to Abingdon, Virginia, then into Tennessee, made two stops in North Carolina; then to Maryland; Lancaster, PA; Delaware, New Jersey, upstate New York nearly to the Canadian border, finally arriving in Scranton, Pennsylvania, at about 7:30 pm on Sunday October 14, 2012. Altogether, Plaintiff had been handcuffed and shackled in the transport vehicle for 60 continuous hours.

17.     At 8:00 am the next morning, Monday October 15, 2012, Plaintiff and the other inmates were reloaded into the Defendant's transport vehicle. They made several stops in Pennsylvania, including Harrisburg, which is about 185 miles, or 3 hours, from Uniontown, before then traveling east to Rhode Island. There at approximately 11:30pm, Plaintiff and the other inmates were allowed to get out of the vehicle for a break. They then proceeded back to Pennsylvania, then into Ohio making stops in Cleveland, Lisbon and Zanesville, before finally getting to Plaintiff's destination in Uniontown, Pennsylvania at about 9:45pm, Tuesday, October 16, 2012.

18.     At the time of his incarceration and when he was in the care, custody, and control of Defendants, Plaintiff had been prescribed various medications, including amitriptyline, an antidepressant, prednisone for treatment of gout, and atenolol for high blood pressure. Despite the fact that Defendants knew that Plaintiff had been prescribed these medications and also knew that the trip for Plaintiff would last five days, Defendants brought only enough amitriptyline for

5

two days and secured none of the Plaintiff's other medications at all.

19. At one point during Plaintiff's marathon transport, Does 1 and/or 2 discovered a leak in one of the transport vehicles' tires. The agent called road-side assistance. A flat bed tow truck arrived and lifted the van with Plaintiff and the other inmates still in it to fix the tire. Because the tire could not be fixed on site, the transporter vehicle was pulled onto the back of the tow truck, with all inmates still in it, and to a garage. There, the vehicle was raised on a lift, still with all the shackled inmates in it, while the tire was repaired or replaced.

20. Throughout the trip, the restraints caused plaintiff physical and emotional pain, which became progressively worse. He was not allowed to lie down. Sitting up, he was only able to sleep for a short time. His handcuffs were too tight and his hands became swollen. Likewise, the leg shackles caused Plaintiff's legs to swell. They refused to give him bathroom breaks when he needed them. Plaintiff was not allowed to stand or to stretch.

21. There was no penological necessity for Defendant PTS OF AMERICA, LLC to transport inmates in these inhumane conditions. Had PTS OF AMERICA, LLC transported inmates reasonably directly from their pick up to their drop off locations they would have arrived in significantly less time. Moreover, on information and belief, PTS OF AMERICA, LLC contracts with numerous detention facilities, and there are others as well that are available to house PTS OF AMERICA, LLC inmates overnight and provide them with the opportunity to stretch, free of restraints, to lie down, and to attend to personal hygiene.

22. As a result of PTS OF AMERICA, LLC's policies, practices, or customs described herein, plaintiff, and all those similarly situated, have suffered physical, mental, and emotional injuries, invasion of privacy, and violation of federal and state statutory and constitutional rights. Plaintiff, and all those similarly situated, are entitled to recover damages

6

according to proof, including exemplary damages.

## V. CLASS CLAIMS

23.     Defendant PTS OF AMERICA, LLC used excessive force against plaintiff and deprived plaintiff, and all those similarly situated, of the minimal civilized measure of life's necessities, including sleep, exercise, hygiene and medical care. The Class Action plaintiff is an inmate transported by Defendant PTS OF AMERICA, LLC on or after October 1, 2012, who was forced to remain shackled and restrained in a PTS OF AMERICA, LLC vehicle for more than 48 continuous hours.

24.     In accordance with Federal Rules of Civil Procedure, Rule 23(a), the members of the class are so numerous that joinder of all members is impractical. Plaintiffs do not know the exact number of class members. Plaintiffs are informed and believe, and thereupon allege, Defendant PTS OF AMERICA, LLC transports tens of thousands of inmates each year and thus, the class may consist of thousands of such persons.

25.     In accordance with Federal Rules of Civil Procedure, Rule 23(a), plaintiff is informed and believes, and thereupon alleges, that there are many facts common to the class including but not limited to: (a) whether defendants have a policy, practice, or custom of transporting inmates in restraints for more than 48 hours at a time; (b) whether defendants have a policy, practice or custom of depriving inmates of sleep; (c) whether defendants have a policy, practice or custom of depriving inmates of adequate hygiene; (d) whether defendants have a policy, practice or custom of depriving inmates of adequate exercise; and (e) whether defendants

26.     In accordance with Federal Rules of Civil Procedure, Rule 23(a), plaintiff is informed and believes, and thereupon alleges, that there are many questions of law common to the class including but are not limited to:   (a)   whether transporting inmates in vehicles,

7

restrained with handcuffs, shackles, a waist chain, and/or a connector chain for more than 48 continuous hours violates the Fourth, Eighth, and Fourteenth Amendments; (b) whether depriving inmates of sleep for more than 48 continuous hours violates the Fourth, Eighth, and Fourteenth Amendments; (c) whether restricting inmates' access to a toilet and sanitation for more than 48 continuous hours violates the Fourth, Eighth, and Fourteenth Amendments; (d) whether depriving inmates of movement free of restraints for more than 48 continuous hours violates the Fourth, Eighth, and Fourteenth Amendments; (e) whether failing to have plaintiffs' restraints checked by a trained medical professional for more than 48 continuous hours violates the Fourth, Eighth, and Fourteenth Amendments; and (f) whether a combination of these conditions imposed for more than 48 continuous hours violates the Fourth, Eighth, and Fourteenth Amendments.

27.  In accordance with Federal Rules of Civil Procedure, Rule 23(a), the claims of the representative plaintiff are typical of the class. Representative plaintiff has the same interests and has suffered the same type of injuries as all of the class members. Plaintiffs' claims arose because of defendants' official policy, practice, or custom of subjecting inmates to unlawful conditions of confinement, excessive force, and cruel and unusual punishment. Plaintiffs' claims are based upon the same legal theories as the claims of the class members. Each class member suffered actual damages as a result of being transported under the conditions imposed by PTS OF AMERICA, LLC.

28.  In accordance with Federal Rules of Civil Procedure, Rule 23(a), the representative plaintiff will fairly and adequately protect the class interests. Plaintiffs' interests are consistent with and not antagonistic to the interests of the class.

29.  In accordance with Federal Rules of Civil Procedure, Rule 23(b)(1)(A),

8

prosecutions of separate actions by individual members of the class would create a risk that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the parties opposing the class.

30.     In accordance with Federal Rules of Civil Procedure, Rule 23(b)(1)(B), prosecutions of separate actions by individual members of the class would create a risk of inconsistent adjudications with respect to individual members of the class which would, as a practical matter, substantially impair or impede the interests of the other members of the class to protect their interests.

31.     In accordance with Federal Rules of Civil Procedure, Rule 23(b)(2), plaintiff is informed and believes, and thereupon alleges, that defendants have acted on grounds generally applicable to the class, thereby making appropriate the final injunctive or declaratory relief with respect to the class as a whole.

32.     In accordance with Federal Rules of Civil Procedure, Rule 23(b)(3), this class action is superior to other available methods for the fair and equitable adjudication of the controversy between the parties.  Plaintiff is informed and believes, and thereupon alleges, that the interests of members of the class in individually controlling the prosecution of a separate action is low, in that most class members would be unable individually to prosecute any action at all.  Plaintiff is informed and believes, and thereupon alleges, that the amounts at stake for individuals are so small that separate suits would be impracticable.  Plaintiff is informed and believes, and thereupon alleges, that most members of the class will not be able to find counsel to represent them.  Plaintiff is informed and believes, and thereupon alleges, that it is desirable to concentrate all litigation in one forum because it will promote judicial efficiency to resolve the

33.     Plaintiffs is informed and believes, and thereupon alleges, that the identities of the

9

class members may be ascertained from records maintained by defendant PTS OF AMERICA, LLC. Plaintiff is informed and believes, and thereupon alleges, that records maintained by defendants reflect the identity of each person who was subjected to transportation, the time and location of pick up, the time and location of drop off, and the duration of time each inmate remained in a PTS OF AMERICA, LLC vehicle. Plaintiff is informed and believes, and thereupon alleges that all of the foregoing information is contained in defendants' records and that the information necessary to identify the class members, by last known addresses, is readily available from said records.

## VI. CAUSES OF ACTION

34. Plaintiff hereby incorporates herein the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

35. Defendants' policies, practices, or customs regarding the transportation of inmates violated the rights of the plaintiff, and each of those similarly situated, under the Fourth, Eighth and Fourteenth Amendments, to be free from unlawful conditions of confinement, the use of excessive force, and cruel and unusual punishment, and violated the right of the named plaintiff, and each of those similarly situated, under the Fourteenth Amendment, to due process and privacy, and directly and proximately damaged the plaintiff, and each of those similarly situated, as herein alleged, entitling the named plaintiff, and each of those similarly situated, to recover damages for said constitutional violations pursuant to 42 U.S.C. § 1983.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and on behalf of all those similarly situated, seeks judgment as follows:

A. For declaratory and injunctive relief declaring illegal and enjoining, preliminarily

10

and permanently, defendants' policy, practice, or custom of transporting pretrial detainees and prisoners under the conditions described herein;

B.   Certification of the action as a class action;

C.   For compensatory, general, and special damages for the named plaintiff and for each member of the class of plaintiffs, as against all defendants;

D.   Exemplary damages as against each of the defendants in an amount sufficient to deter and to make an example of those defendants;

E.   Attorneys' fees and costs under 42 U.S.C. § 1988,

F.   The cost of this suit and such other relief as the court finds just and proper.

G.   For a jury to try all matters so triable.


DATED:  September 30, 2013                    Respectfully Submitted,


                                              /s/ Douglas S. Johnston, Jr.
                                              DOUGLAS S. JOHNSTON, JR. BPR No. 5782
                                              BARRETT JOHNSTON, LLC
                                              217 Second Avenue, North
                                              Nashville, TN  37201-1601
                                              Telephone:  615/244-2202
                                              615/252-3798 (fax)
                                              djohnston@barrettjohnston.com


                                              *Counsel for Plaintiff*

11