IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SAMUEL J. SECRETI )
 )
v. ) NO. 3-13-1065
 ) JUDGE CAMPBELL
PTS OF AMERICA, LLC )

MEMORANDUM

Pending before the Court is Plaintiff's Motion for Class Certification (Docket No. 44). For the reasons stated herein, Plaintiff's Motion is DENIED.

FACTS

Plaintiff seeks class certification in this civil rights action for a class of inmates who were transported by Defendant PTS of America. The proposed class definition in Plaintiff's Motion is different from the proposed class definition in Plaintiff's Memorandum.

Plaintiff's Motion asks the Court to certify a class of "all inmates, including, without limitation, adults and juveniles, males and females, pretrial detainees, sentenced prisoners, state mental hospital inmates, and immigration detainees who were transported by PTS OF AMERICA, LLC on behalf of local or state governments, or the federal government, since September 30, 2012 in full restraints including handcuffs, leg irons, and/or waist chains, for more than 48 continuous hours." Docket No. 44.

Plaintiff's Memorandum in support of his Motion defines the class as follows: "All inmates including, without limitation, adults and juveniles, males and females, pretrial detainees, sentenced prisoners, state mental hospital inmates, and immigration detainees who were transported by PTS OF AMERICA, LLC and/or its agents and employees on behalf of local or state governments, or the

federal government, since September 30, 2012 restrained for more than 48 continuous hours." Docket No. 45.

Plaintiff's Complaint alleges that Defendant used excessive force in transporting Plaintiff and other similarly situated inmates in full restraints for more than 48 continuous hours. Plaintiff also alleges that Defendant failed to provide private or adequate access to toilet facilities, failed to provide personal hygiene items, failed to provide proper food and drink, deprived him of access to prescribed medication and medical staff, and deprived him of adequate sleep and exercise while being transported. Plaintiff asserts violations of his Fourth, Eighth and Fourteenth Amendment rights.

Plaintiff asserts that this action satisfies the prerequisites for certification of a class under Fed. R. Civ. P. 23. Specifically, Plaintiff avers that the class is sufficiently numerous to make joinder impracticable, there are questions of law and fact common to the class, the claims and defenses of Plaintiff are typical of the class, and Plaintiff will fairly and adequately represent and protect the interests of the class. Plaintiff further contends that this action is maintainable as a class action because questions of law and fact common to the class predominate over any issues affecting individual class members and the proposed class action is superior to other methods for adjudicating the class members' claims.

Defendant, on the other hand, argues that whether any of the putative class members suffered a constitutional violation will depend on each individual prisoner's classification and circumstances and the specific conditions of each transport, all of which vary widely. Defendant urges that class certification should be denied because the few questions that are common to class members do not predominate those that must be resolved for each individual member.

CLASS CERTIFICATION

2

A party seeking to maintain a class action must affirmatively demonstrate compliance with Fed. R. Civ. P. 23. *Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1432 (2013). The party must satisfy Rule 23 (a), which requires numerosity, commonality, typicality and adequacy of representation. *Id*. The party must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b). *Id*. A district court has broad discretion to decide whether to certify a class. *In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation*, 722 F.3d 838, 850 (6th Cir. 2013). The plaintiff has the burden to prove that the class certification prerequisites are met. *Id*. at 851.

Numerosity

Plaintiff contends that the proposed class is so numerous that joinder of all its members is impracticable. Defendant argues that the uncertainty and insufficiency of Plaintiff's class definition precludes satisfaction of the numerosity requirement.

Before the Court may certify a class pursuant to Rule 23, the class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class. *In re Skelaxin (Metaxalone) Antitrust Litigation*, 299 F.R.D. 555, 567 (E.D. Tenn. 2014); *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537-38 (6th Cir. 2012). If class members are impossible to identify without extensive and individualized fact-finding or "mini-trials," then a class action is inappropriate. *Skelaxin*, 299 F.R.D. at 567. As noted in *Skelaxin*, the Sixth Circuit has rejected class definitions in which the only way to distinguish who is in the class and who is not is to engage in individualized fact-finding. *Id*. And, as the court noted in *Young*, other courts have found the feasibility of the class description to be lacking if the definition required individual determinations of constitutional violations. *Young*, 693 F.3d at 538.

Any potential class definition in this case would have to exclude inmates who were transported by Defendant but *not* subject to the alleged misconduct and any inmates who were transported by Defendant but suffered no injury, all requiring individualized analysis. Also, Plaintiff admits that the class cannot include prisoners being transported on behalf of a federal agency. Excluding those inmates from the class would also involve individual determinations.

Moreover, to fit the class definition, inmates would have to have been in "full restraints" as opposed to some lesser type of restraints, which requires looking at each individual's circumstances. To fit the class definition, inmates would have to have been kept in those full restraints for 48 continuous hours. Again, one would have to determine whether the inmate's restraint was continuous for 48 hours as opposed to, for example, continuously for 46 hours or continuously except for one ten-minute break. Not only will the length of transport vary among purported class members but also the type and frequency of food and drink provided, the number and nature of bathroom breaks provided, and the specific type of restraints used will vary.

Defendant contends that another reason the class is insufficiently defined is the fact that the Prison Litigation Reform Act requires prisoners to exhaust administrative remedies before filing an action under 42 U.S.C. § 1983. Determination of whether each class member was required to and, if so, did exhaust his or her administrative remedies involves individual decisions as well.

The class definitions proposed by Plaintiff cover different classifications of inmates, different circumstances and different interests. Making a determination as to the members of the class, thus, would require the Court to make individual factual inquiries about the circumstances surrounding each potential class member's transportation. As stated above, if class members are impossible to identify without extensive and individualized fact-finding or "mini-trials," then a class action is inappropriate.

<u>Commonality</u>

Even if Plaintiff could show that the class definition is sufficiently definite, for similar reasons, the commonality requirement in this case is not met. Plaintiff must show that there are questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). Commonality requires the Plaintiff to demonstrate that the class members have suffered the same injury. *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011). Moreover, their claims must depend upon a common contention. *Id*. That common contention must be of such a nature that it is capable of classwide resolution - which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke. *Id*.; *see also Davis v. Cintas Corp.*, 717 F.3d 476, 485 (6th Cir. 2013).

In this case, Plaintiff has alleged that Defendant maintains an unconstitutional policy, practice or custom pursuant to which Plaintiff and the purported class members were injured. Before the Court can determine whether a class member's constitutional rights have been violated by such a policy, practice or custom, it must balance any alleged policy, custom or practice of Defendant against any legitimate penological justification for such policy and must uphold any such policy, practice or custom if it is reasonably related to legitimate penological interests. *Florence v. Board of Chosen Freeholders*, 132 S.Ct. 1510, 1515 (2012); *Williams v. City of Cleveland*, 771 F.3d 945, 949-50 (6th Cir. 2014).

Plaintiff proposes a class to include *all* inmates (including, without limitation, adults and juveniles, males and females, pretrial detainees, sentenced prisoners, state mental hospital inmates, and immigration detainees). The balance of interests required, as set forth above, would undoubtedly differ between an adult and a juvenile, between a pretrial detainee and a convicted and sentenced prisoner, between a state mental hospital inmate and an immigration detainee, such that under this broad definition, the Court would have to balance the interests as to each individual, not as to the class as a

whole. In addition, Defendant would likely assert different defenses as to each inmate, based on that inmate's particular circumstances.

Plaintiff's arguments on this point fall short. Plaintiff suggests that Defendant has not shown a legitimate penological interest for its allegedly unconstitutional misconduct or that an administrative remedy was even available. Plaintiff, not Defendant, has the burden of proof on this class certification issue. In any event, whether there was a legitimate penological interest or an available administrative remedy would involve individualized determinations for each class member. The five "key" questions identified by Plaintiff as common to all members of the proposed class cannot be determined as to the class as a whole. For example, Plaintiff argues that whether transporting inmates in vehicles, restrained with handcuffs, leg irons, and waist chains for more than 48 continuous hours violates the Constitution is a question common to all proposed class members. Yet, as indicated above, whether such action violates the Constitution depends in large part upon the classification and circumstances of the individual inmate. Whether the inmate was particularly dangerous or likely to escape would affect the balance of interests as to that inmate. Whether the inmate was in less than full restraints or restrained for less than 48 hours would also affect the balance of interests. Whether the inmate was a pretrial detainee, presumed innocent, or a convicted felon would also affect the analysis. In other words, whether Defendant's alleged policy, practice or custom served a legitimate penological purpose would depend on individualized factors, and the Court could not resolve the issues that are central to the validity of each one of the claims in one stroke. For these reasons, Plaintiff has failed to meet the commonality requirement of Rule 23.

Typicality

For the same reasons Plaintiff cannot show commonality, he cannot show that his claims or Defendant's defenses to his claims are typical of the other proposed class members.  Here, the claims depend upon the individual inmates' unique interactions with the Defendant, so the typicality requirement is lacking.

Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct. *Sprague v. General Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998); *In re Whirlpool Corp.*, 722 F.3d at 852-53.  Here, if Plaintiff proves his own claim, he would not necessarily have proved anyone else's claim.

Adequacy

Despite Plaintiff's willingness to represent the proposed class and Plaintiff's counsel's experience and familiarity with class actions, Plaintiff cannot adequately represent the interests of the class for the reasons stated above.

CONCLUSION

Because Plaintiff has not satisfied the requirements of Fed. R. Civ. P. 23(a), the Court need not reach the issues of Rule 23(b).  For all these reasons, Plaintiff's Motion for Class Certification is DENIED, and this case is referred back to the Magistrate Judge for further case management.

IT IS SO ORDERED.


_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE